UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB - 6 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Larry E. Ealy Sr., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case: 1:15-cv-00187 ) Assigned To : Unassigned ) Assign. Date : 2/6/2015 |
| R. Guy Cole *et al.*, | ) Description: Pro Se Gen. Civil ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(iii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or seeks monetary damages from an immune defendant).

Plaintiff is a resident of Trotwood, Ohio. He sues eleven federal judges sitting in the Sixth Circuit at both the appellate and district court levels. *See* Compl. at 2-5 (listing party-defendants). The complaint arises from the defendants' decisions rendered in various civil actions cited in the complaint. Like plaintiff's prior civil actions filed in the United States District Court for the Southern District of Ohio, this action is "tied to [a] 1990 incident." *Ealy v. Rice*, No. 3:09CV100, 2009 WL 1107821, at *3 (S.D. Ohio Apr. 23, 2009); *see id.*, at *7 (listing cases); Compl. at 6 (stating facts surrounding an assault in March 1990). Indeed, U.S. District Judge Susan J. Dlott, who dismissed the foregoing case under § 1915(e), has been named a defendant in this case. Plaintiff claims, *inter alia*, that there is a "policy and practice of excessive force exist[ing] in . . . the City of Dayton." Compl. at 14. He seems to allege that the

judicial defendants have engaged in a conspiracy, *see id.*, but, as found in the previous case, plaintiff "does not allege sufficiently specific facts to support a plausible claim that the named defendants have conspired to violate his federal constitutional rights." *Ealy*, 2009 WL 1107821, at *6. *See id.* (describing "allegations [that] continue at length about the existence of a conspiracy against [plaintiff] beginning in, or soon after, the 1990 [incident] when he was assaulted by six Dayton Police Officers"). Furthermore, plaintiff has not pointed to any conduct that can be found or reasonably inferred to have been outside of defendants' official duties or in "clear absence of [their] jurisdiction." *Id.*, at *5.

Judges are absolutely immune from lawsuits arising from acts, as alleged here, taken in their judicial capacity. *See Mirales v. Waco*, 502 U.S. 9, 11-12 (1991); *Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed. Appx. 620 (D.C. Cir. 2009) (per curiam); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see accord Ealy*, 2009 WL 1107821, at *5 (explaining that "[p]laintiff's claims against the state and federal judges are barred by the doctrine of absolute immunity. Absolute immunity is triggered when judges engage in "paradigmatic judicial acts, or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court.") (quoting *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir.1997)) (other citations omitted). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: ~~January~~ February 2, 2015

United States District Judge